UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLE ALLAN ELLIOTT, | CASE NO. 3:26-cv-05434-DGE |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT (DKT. NO. 7) |
| v. | |
| AANIIH NAKODA FINANCE LLC et al., | |
| Defendants. | |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a).  Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP") has submitted a complaint against five lending businesses.  (Dkt. No. 7.)

Plaintiff alleges Defendants "operate a multi-state lending enterprise that utilizes various tribal names with licenses not recognized by DFI . . . as a 'sovereign' front to evade Washington State lending and consumer protection laws."  (*Id.* at 3.)  Plaintiff contends he filed for bankruptcy protection in November 2025, yet Defendants allegedly violated the "Automatic Stay

ORDER DISMISSING PLAINTIFF'S COMPLAINT (DKT. NO. 7) - 1

Act (11 U.S.C. § 362)" "by sending email and text message offers for new loan offers," and by sending a letter offering to discount Plaintiff's loan which was in bankruptcy. (*Id.* at 3–4.)

Plaintiff further alleges Defendants initiated "a minimum of 305 Deceptive Marketing communications," such as "emails, phone calls, and messages" which utilized "deceptive header information and collection on a loan that was void in the beginning and were sent by an unlicensed entity" in violation of Washington Revised Code § 19.190. (*Id.* at 4.) Plaintiff brings two causes of action: violation of Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). (*Id.* at 5–6.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] [p]laintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Plaintiff is also proceeding *pro se*. While a *pro se* plaintiff's complaint must be construed liberally, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's complaint suffers from multiple deficiencies at this stage. First, Plaintiff's complaint runs afoul of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). As to his CEMA cause of action, Plaintiff alleges "Defendants" initiated a minimum of 305 deceptive communications to Plaintiff" in violation of Washington Revised Code § 19.190.020.[1] (Dkt. No. 4–5.)

Courts have routinely found that "group pleading" is impermissible under Rule 8. "A complaint that alleges 'everyone did everything' and prevents defendants from understanding the nature of the claims asserted against each of them cannot survive a motion to dismiss." *Watt v. HAL Antillen N.V.*, Case No. 2:24-cv-00155-RSL, 2024 WL 4436966, at *2; *MFG Universe Corp. v. Next Gen LED, Inc.*, Case No. C21-0742-JCC, 2022 WL 3028081, at *2 (W.D. Wash. Aug. 1, 2022) ("Except in a few instances, the [complaint] treats the Individual Defendants as an undifferentiated mass. It does not make sufficient particularized allegations for each to satisfy pleading standards for the remaining causes of action. This alone is a basis for dismissal."); *Davis v. General Atomics*, Case No. 8:23- cv-00132-WLH-ADS, 2025 WL 1127872, at *8 (C.D. Cal. Jan. 23, 2025) ("Plaintiff makes no differentiation about what claims apply to which Defendants . . . [t]his fails to satisfy the notice requirement of Rule 8(a)(2), as it is unclear what each Defendant is alleged to have done.").

---

[1] "No person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that: . . . (b) Contains false or misleading information in the subject line."

ORDER DISMISSING PLAINTIFF'S COMPLAINT (DKT. NO. 7) - 3

Furthermore, Plaintiff's complaint does not establish when the phone calls, text messages, and emails were allegedly sent, and what information within each was false or misleading.  Nor does it identify any information about how each Defendant had knowledge or reason to know they were sending communications to a Washington resident's email address.

Second, Plaintiff fails to plead the required elements of a CPA claim.  To prevail on a CPA claim under Washington law, a private plaintiff must establish "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009).  "[A] claim under the Washington CPA may be predicated upon a *per se* violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1187 (Wash. 2013).

Plaintiff relies on two statutory violations—violation of the Small Loan Act[2] and CEMA—and one unfair practice to support his CPA claim.  (Dkt. No. 7 at 6.)  As to the statutory violations, Plaintiff does not assert a cause of action under the Small Loans Act; therefore, he cannot sustain a CPA claim on this premise.  And because Plaintiff's CEMA claim is impermissible under Rule 8, he cannot sustain a CPA claim pursuant to that statute either.  Finally, Plaintiff alleges Defendants attempted to settle a debt during an active bankruptcy and retained an overpayment after the underlying obligation was purportedly satisfied.  (Dkt. No. 7 at 6.)  While Plaintiff asserts an unfair practice occurring in commerce, he fails to allege any facts showing the practice affected the public interest or caused injury to his business or property.

---

[2] Washington Revised Code § 31.25.105.

ORDER DISMISSING PLAINTIFF'S COMPLAINT (DKT. NO. 7) - 4

Accordingly, the Court DISMISSES Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) but provides Plaintiff with an opportunity to file an amended complaint to address the deficiencies noted in this opinion.  Plaintiff shall file an amended complaint no later than **July 6, 2026**.

The Clerk shall calendar this event.

Dated this 5th day of June, 2026.

David G. Estudillo
United States District Judge

ORDER DISMISSING PLAINTIFF'S COMPLAINT (DKT. NO. 7) - 5